UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISCTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

LYMAN BRADFORD, JR.,

      Plaintiff,

v.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

### <u>DEFENDANT, WAL-MART STORES EAST, L.P.' S, NOTICE OF REMOVAL</u>

Defendant, WAL-MART STORES EAST, L.P. ("WAL-MART"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 50-2020-CA-010631-XXXX-MB, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I.      <u>FACTUAL BACKGROUND</u>

1.      On or about October 5, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. *See* Pl.'s Compl. attached as Ex. "A."

2.      The Complaint was served on October 9, 2020. *See* Service of Process attached as Ex. "B."

3.      Plaintiff alleges a claim for negligence against Wal-Mart as a result of an injury about his body and extremities that he allegedly sustained when a motorized cart he was

operating tipped over on October 4, 2016 while at the Wal-Mart store located at 4375 Belvedere Road, West Palm Beach, Florida. *See* Ex. "A" at ¶¶ 4-8

4.  The Plaintiff is a resident of Palm Beach County, Florida. *Id.* at ¶ 2.

5.  On or about January 21, 2021, Plaintiff responded to Wal-Mart's initial discovery requests. Included therewith, in response to Wal-Mart's Request for Production, Plaintiff produced a Medical Expense Spreadsheet, documenting the charges incurred as a result of the subject incident. *See* redacted Medical Expense Spreadsheet attached as Ex. "C."[1]

6.  According to the Medical Expense Spreadsheet, Plaintiff's past medical bills total $335,294.00, with an outstanding balance after collateral source setoffs and adjustments of $107,077.84, which alone are exceed the jurisdictional threshold of this Court. *Id.*

7.  This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

8.  Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Fifteenth Judicial Circuit in and for Palm Beach County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "D."

9.  Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. <u>REMOVAL IS TIMELY</u>

10.  In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's discovery

---

[1] The Medical Expense Spreadsheet has been redacted so as exclude the names of the medical providers with whom the Plaintiff treated. Moreover, Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted contemporaneously with the Medical Expense Spreadsheet in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Wal-Mart will provide same for an in camera inspection.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

responses reflecting that the amount in controversy exceeds the jurisdictional threshold of this Court. The thirty (30) day period for removal therefore commenced on January 21, 2021, when Plaintiff served his discovery responses, including the Medical Expense Spreadsheet.   Therein, Plaintiff disclosed past medical expenses that exceed the jurisdictional threshold of $75,000.00.

11.     28 U.S.C. § 1446(b)(3) authorizes Wal-Mart to remove the instant case within thirty days after receipt by Wal-Mart, "through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added).

12.     Responses to discovery requests . . . constitute "other paper" under § 1446(b). *See Taylor v. Wal-Mart Stores East, L.P.,* Case No. 3:20-CV-541-J-39JBT, at D.E. 19 (M.D. Fla. October 6, 2020) (Judge Davis denied Plaintiff's Motion to Remand explaining that the amount in controversy exceed the jurisdictional threshold of $75,000.00, in part, because plaintiff's past medical expenses were $24,427.51, her lost wage claim was $38,000.00, and recommended knee surgery was estimated to cost approximately $35,000.00 - $40,000.00).

13.     In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart files this Notice of Removal within thirty days of the date that it received a copy of Plaintiff's discovery responses, in which he produced his Medical Expense Spreadsheet, which made it clear that removal was appropriate. *See* Ex. "C." Thus, the instant Notice of Removal is timely filed.

14.     Venue exists in the United States District Court for the Southern District of Florida, West Palm Beach Division, because the Fifteenth Judicial Circuit in and for Palm Beach County, where Plaintiff filed his state court Complaint is located in Palm Beach County Florida, which is located within the United States District Court for the Southern District of Florida, West Palm Beach Division.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

### III. <u>THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES</u>

15.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."

16.     "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)).

17.     This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A.     Citizenship of LYMAN BRADFORD.

18.     Plaintiff is a resident of Palm Beach County, Florida. *See* Ex. "A" at ¶ 2.  Although Plaintiff's Complaint does not state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

19.     Plaintiff's Palm Beach County, Florida residence is prima facie evidence of his domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B.     Citizenship of WAL-MART STORES EAST, L.P.

19.     At the time of the alleged incident, currently and at all material times, Wal-Mart Stores East, LP is a limited partnership which currently is, and at all material times, a Delaware Limited Partnership with its principal place of business in the State of Arkansas.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

20.     WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP.

21.     WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

22.     The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at all material times, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.

23.     The sole member of Wal-Mart Stores East, LLC is, and was at all material times, Wal-Mart Stores, Inc.

24.     Wal-Mart Stores Inc., is, and was at all material times, an incorporated entity under the laws of the State of Delaware.

25.     Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware.

26.     The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) at all material times is Bentonville, Arkansas.

### IV.  AMOUNT IN CONTROVERSY

20.     The amount in controversy exceeds $75,000.00.  *See* Ex. "C."

21.     Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, Plaintiff's responses to Wal-Mart's discovery requests, and specifically the Medical Expense Spreadsheet produced therewith [*Id*], evidences that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

22.     The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction, and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

23.     Where, like here, the jurisdictional amount is not facially apparent on the face of Plaintiff's Complaint, the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka,* 608 F.3d at 759; *Williams,* 269 F.3d at 1319*; see also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)[2] (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

24.     Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it). *See Pretka,* 608 F.3d at 754. Thus, all that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

25.     Additionally, a district court may consider the complaint and any later received

---

[2] *Abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at \*4 (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Also, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

26.     Similarly, the Eleventh Circuit Court has held that ***responses to discovery***, deposition transcripts, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989) (discussing that plaintiff's response to defendant's requests for admissions was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3)); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, ***including discovery responses***).

27.     Applying this principle, the Florida District Courts have numerous cases wherein removal was directly based on the plaintiff's discovery responses which indicated that the amount in controversy exceeded $75,000.00. *See Berman v. Target*, 2015 U.S. Dist. LEXIS 190144 (S.D. Fla. December 16, 2015); *Monserrate v. Target Corp.*, 2014 U.S. Dist. LEXIS 193068 (S.D. Fla. April 7, 2014); *Bencosme v. Target Corp.*, 2013 U.D. Dist. LEXIS 192025 (S.D. Fla. October 16, 2013); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. September 14, 2010).

28.     In *Monserrate*, the defendant relied on the plaintiff's responses to its request for admissions and documents produced in response to its request for production to establish the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

basis for removal. *Monserrate*, 2014 U.S. Dist. LEXIS 193068, at *2. The plaintiff's discovery responses demonstrated that the amount in controversy exceeded $75,000.00 and proved the diversity of citizenship between the parties. *Id*. at * 8. The *Monserrate* court relied on the well-established concept that 28 U.S.C. § 1446(b) allows for the consideration of "other paper," including discovery responses, to determine whether removal is proper. *Id*.

29.     Accordingly, this Court may look to Plaintiff's answers to Interrogatories when determining that the amount in controversy exceeds $75,000.00 for purposes of removal based on diversity jurisdiction.

30.     In this case, Plaintiff's response to Wal-Mart's Request for Production, and the allegations of the Complaint, conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *See* Ex. "A" and "C." The Court has the authority to rely on Plaintiff's discovery responses as proof that the jurisdictional limit has been met.

31.     Based on the foregoing, Wal-Mart has established that Plaintiff's claimed damages in this case exceed $75,000.00 by Plaintiff's own discovery responses. Additionally, Plaintiff's Complaint, [*See* Ex. A" at ¶ 13], claims pain and suffering of an unknown quantity. *See Wilson,* 888 F.2d 779 at 780; *Sibilia v. Makita Corp.,* 782 F. Supp. 2d 1329, 1330–31 (M.D. Fla. 2010); *Taylor v. Tractor Supply Co.,* 2014 WL 5473558, at *1–2 (M.D. Fla. 2014); *Wilson,* 2010 LEXIS 96399, at *4. As such, removal is proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff,

through her attorneys of record, and the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 50-2020-CA-010631-XXXX-MB, on the docket of the Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, West Palm Beach Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated: February 19, 2021.

Respectfully Submitted,

**/s/ William H. Edwards**
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant Wal-Mart Stores East, L.P.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 19, 2021, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

**/s/ William H. Edwards**
William H. Edwards, Esq.

**SERVICE LIST**

*Attorneys for Plaintiff*

Eric C. Hayden, Esq.
Florida Bar No. 100923
Schuler, Halvorson, Weisser, Zoeller & Overbeck, P.A.
1615 Forum Place
Suite 4-D
Barristers Building
West Palm Beach, Florida 33401
Telephone:     561-689-8180
Primary E-Mail:        ehayden@shw-law.com
Secondary E-Mail:     acoates@shw-law.com

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690